

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-4-2004

# Salama v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1374

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Salama v. Atty Gen USA" (2004). *2004 Decisions.* Paper 262.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/262

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 03-1374

MONA MOSAD SALAMA,

Petitioner

v.

JOHN ASHCROFT, ATTORNEY GENERAL
OF THE UNITED STATES OF AMERICA,

Respondent

On petition for review of a final order
of the Board of Immigration Appeals
File No: A76-132-596
_____

Submitted pursuant to Third Circuit LAR 34.1(a)
on September 30, 2004

Before: RENDELL, FUENTES,
and SMITH, *Circuit Judges*

(Filed: October 4, 2004)

_____

OPINION OF THE COURT
_____

Smith, *Circuit Judge*.

Mona Mosad Salama petitioned for review of the Board of Immigration Appeal's

("BIA") summary affirmance of the Immigration Judge's ("IJ") denial of her application

for asylum, withholding of removal, and relief under the Convention Against Torture.[1] We will affirm the decision of the BIA.

I.

Salama is an Egyptian national and citizen of Egypt. She was admitted to the United States on a nonimmigrant visitor visa on August 24, 1997, along with her niece and nephew.[2] The Immigration and Naturalization Service ("INS")[3] issued a Notice to Appear, charging Salama with being removable on May 5, 1999. Salama conceded removability, but requested, on the basis of religious persecution, asylum, withholding of removal, and protection under the Convention Against Torture.[4] The IJ determined that Salama was not credible, had deliberately lied, and thus denied her application. The BIA summarily affirmed without opinion.

Where, as here, the BIA employs its streamlining procedures and affirms the IJ without opinion, "we review the IJ's opinion and scrutinize its reasoning." *Dia v.*

---

[1] The IJ had jurisdiction pursuant to 8 C.F.R. § 208.2(b) (2001). The BIA had appellate jurisdiction pursuant to 8 C.F.R. § 3.1(b) (2002). We exercise jurisdiction pursuant to § 242(b) of the Immigration and Nationality Act, 8 U.S.C. § 1252(b).

[2] The nature of the asylum petitions of Salama's niece and nephew were extensively debated before the IJ. Their appeals to the BIA, however, were withdrawn.

[3] The INS is now the Bureau of Citizenship and Immigration Services within the Department of Homeland Security. 6 U.S.C. § 271 (Supp. 2004).

[4] Because Salama did not raise her claim for relief under the Convention Against Torture on appeal, the issue is waived. *Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir. 1993).

*Ashcroft*, 353 F.3d 228, 245 (3d Cir. 2003) (en banc). Our review is limited to determining whether there is substantial evidence to support the IJ's decision. *Id.* at 247. This requires that we determine whether a reasonable fact finder could make the same determination as the agency based on the administrative record. If so, there is substantial evidence to support the finding. *Dia*, 353 F.3d at 249.

In *Dia*, we reiterated that the substantial evidence standard also applies to adverse credibility determinations. *Id.; Gao v. Ashcroft*, 299 F.3d 266, 272 (3d Cir. 2002). The focus is on whether the IJ's adverse finding "is supported by evidence that a reasonable mind would find adequate" to support that determination. *Dia*, 353 F.3d at 249. Specific reasons should be given for finding a witness not credible, *id.*, and those "reasons must bear a legitimate nexus to the finding." *Balasubramanrim v. INS*, 143 F.3d 157, 162 (3d Cir. 1998). While inconsistencies may warrant an adverse credibility determination, the inconsistency should "involve the 'heart of the asylum claim.'" *Gao*, 299 F.3d at 272 (quoting *Ceballos-Castillo v. INS*, 904 F.2d 519, 520 (9th Cir. 1990)).

## II.

An applicant for asylum may establish her eligibility by demonstrating, *inter alia*, that she either suffered past persecution or has a well-founded fear of persecution on the basis of her religion. 8 U.S.C. § 1101(a)(42). The burden is upon the applicant to establish that she "qualifies as a refugee under the statute." *Obianuju Ezeagwuna v. Ashcroft*, 301 F.3d 116, 126-27 (3d Cir. 2002).

3

Here, Salama claimed that she and her family had been subjected to several vicious attacks because they were Coptic Christians. She initially claimed in her application for asylum that, because they were Coptic Christians, her sister had been beaten to death, her brother killed, and her mother so severely injured that she eventually died as a result of her injuries. Her father, according to Salama, had also been beaten, and died at home after being discharged from a hospital because staff members observed Salama praying at his bedside. Although Salama's testimony before the IJ was consistent with her application, the IJ pointed out that it was at odds with the testimony of other family members and documentary evidence. The IJ noted that Salama's brother testified that their sister died because she was burned, their brother died from injuries sustained at work when he fell in a hole at a construction site, and their mother was injured in an automobile accident. Documentary evidence indicated that Salama's father died, contrary to Salama's testimony, in the hospital. Upon being confronted with these inconsistencies, Salama was unable to explain the disparities.

We are satisfied that the IJ's adverse credibility determination is based upon substantial evidence. The IJ provided specific reasons for finding Salama's testimony incredible, and these are supported by the record.

Furthermore, we need not address Salama's claim that the IJ improperly consolidated her application with that of her niece and nephew because that issue was not

raised in her appeal to the BIA.[5]  *Abdulrahman v. Ashcroft*, 330 F.3d 587, 594-95 (3d Cir. 2003); *Alleyne v. INS*, 879 F.2d 1177, 1182 (3d Cir. 1989).

For the foregoing reasons, we will affirm the order of the BIA denying Salama's application for asylum, withholding of removal and relief under the Convention Against Torture.

---

[5]  Salama also challenged the BIA's use of its streamlining regulations.  As we explained in *Dia*, the streamlining regulations are neither contrary to the Immigration and Nationality Act nor offensive to the Due Process Clause.  353 F.3d at 245.